IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

FILED
NOV 5 2024
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

DIANA MEY,

    Plaintiff,

v.      Civil Action No. 5:24-cv-211

RACQUET WAR LLC, a Tennessee
Limited Liability Company d/b/a Paddle War; and
SONGWHALE LLC, a Minnesota
Limited Liability Company,

    Defendants.

## PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit Under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Plaintiff also brings this lawsuit under the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-6F-501 and 601, a state statute prohibiting abusive, unfair, and deceptive telemarketing practices.

## PARTIES AND JURISDICTION

2. The Plaintiff, Diana Mey, is an individual residing in Wheeling, West Virginia.

3. Defendant, Racquet War, is a Tennessee limited liability company d/b/a Paddle War, that conducts business in the State of West Virginia.

4. Defendant, Songwhale, is a Minnesota limited liability company that

1

conducts business in the State of West Virginia.

5. At all relevant times, Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, and/or have derived substantial revenue from products and services sold in West Virginia.

6. Because several of Plaintiff's claims arise under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims.

7. Because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, venue is proper under 28 U.S.C. § 1391(b)(2). In particular, the telemarketing text message calls to Plaintiff were received in this district.

## OPERATIVE FACTS

8. Racquet War organizes and runs special events for players of tennis and pickleball and sells its services and products across the country, including in West Virginia.

9. Songwhale is a text message marketing company, which, upon information and belief, was hired by Racquet War to promote Racquet War's products and services.

10. To reach as many customers as possible over the telephone, Defendants rely on the use of automated tools to place "robocall" text call messages that can reach thousands of potential customers en masse.

11. Plaintiff's residential telephone number (the "Number"), 304-280-XXXX, has been on the National Do Call Registry continuously since 2003.

12. Plaintiff has never provided Defendants nor their agents express written consent to call or text her, nor does she have an established business relationship with Defendants.

13. Despite Plaintiff's registration on the National Do Not Call Registry, beginning January 4, 2024 and continuing through at least March 6, 2024 Defendants and/or their agents initiated at least two unsolicited telemarketing text message calls to Plaintiff's wireless Number with the express intent of generating business for Racquet War.

14. In response to a marketing text message Plaintiff received on March 6, 2024, Plaintiff replied "STOP".

15. Plaintiff never provided her consent or requested these text message calls.

16. The text message calls were not necessitated by any emergency.

17. Plaintiff was harmed by these text message calls. She was temporarily deprived of legitimate use of her telephone and her privacy was improperly invaded. Moreover, they injured Plaintiff because they were frustrating, annoying, and disturbed the solitude of Plaintiff.

18. Plaintiff has never provided Defendants or any of their agents express written consent to call her, nor does she have an established business relationship with any of them.

19. Upon information and belief, the acts complained of herein were either the direct acts of Defendants or the acts of agents authorized to act on their behalf.

20. As such, Defendants are directly liable to all Counts ascribed herein.

21. In the alternative, the acts complained of herein were carried out by agents operating for Defendants' benefit, or with actual, implied or apparent authority of Defendants, such that Defendants are vicariously liable as to all Counts ascribed herein.

22. In the alternative, Defendants ratified or accepted the benefits of the acts of their agents as described herein, and are therefore jointly and severally liable as to all Counts ascribed herein.

### COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

23. The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

24. The foregoing acts and omissions of the Defendants and/or their affiliates, agents, or other persons acting on Defendant's behalf constitute multiple violations of the TCPA.

25. Defendant violated the TCPA, either directly or through the actions of others, by initiating more than one telephone text to Plaintiff in a

twelve-month period while her Number was on the National Do Not Call registry. *See* 47 U.S.C. § 227(c).

26. Defendants further violated the TCPA, either directly or through the actions of others, by failing to clearly identify themselves in the text messages they caused to be sent to the Number; *See* 47 C.F.R. § 64.1200 (d)(4).

27. Each of Defendant's actions, or those of agents operating on their behalf, were done willfully or knowingly.

28. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls or sending messages, except for emergency purposes, to any number listed on the National Do Not Call Registry.

29. Defendant's violations were willful and/or knowing.

WHEREFORE, Plaintiff demands from Defendant statutory penalties and damages as provided by law in the amount of $1,500 per violations, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

## COUNT II: VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT ("WVCCPA") – ABUSIVE ACTS OR PRACTICES

30. The preceding paragraphs are incorporated by reference herein as if set

forth in their entirety.

31. Defendants and/or their agents are telemarketers as defined by W.Va. Code § 46A-6F-113.

32. Plaintiff, Diana Mey, is a consumer or purchaser as defined by W.Va. Code § 46A-6F-103.

33. Defendants and/or their telemarketing agents sought to sell consumer goods or services to Plaintiff as defined by W. Va. Code § 46A-6F-104, § 46A-1-102 (47).

34. Defendants and/or their agents texted Plaintiff with the purpose of making telemarketing solicitations as defined by W. Va. Code § 46A-6F-112.

35. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(2) because they engaged Plaintiff repeatedly or continuously with behavior that a reasonable person would deem to be annoying, abusive, or harassing.

36. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(3) because they initiated outbound text message calls to Plaintiff when she previously indicated she did not want to receive such calls by registering her Number on the National Do Not Call registry.

37. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(5) because they engaged in other conduct which would be considered abusive to any reasonable consumer.

38. Each of Defendants' actions, or those of agents operating on their behalf, were done willfully or knowingly.

39. Accordingly, Plaintiff is entitled to relief from Defendant as prescribed by the penalties set forth in W.Va. Code § 46A-6F-701, including actual damages and a penalty in an amount to be determined by the Court of not less than one hundred dollars and not more than three thousand dollars per violation.

40. Plaintiff is further entitled to an adjustment for inflation on any award of damages as provided by W.Va. Code § 46A-6F-702.

WHEREFORE, Plaintiff demands from Defendants statutory penalties and damages as provided by law in the amount of $3,000 per violation, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: November 5, 2024

/s/   Diana Mey
Diana Mey, Pro se
14 Applewood Drive
Wheeling WV  26003
Phone:  304-280-1607
diana_mey@comcast.net